

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------x

THOMSON REUTERS CORPORATION,           : Case No.:

                       Plaintiff,           : COMPLAINT

--against--

REALTIME DATA, LLC D/B/A IXO,

                       Defendant.

------------------------------------------------------------x



      Plaintiff Thomson Reuters Corporation ("Thomson") alleges by and through its undersigned counsel, upon personal knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

      1.    This is an action for a declaratory judgment that arises under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C §§ 2201 and 2202. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (Act of Congress relating to Patents).

      2.    Venue is proper in this Court under 28 U.S.C. § 1391(b) and this Court has personal jurisdiction over the Defendant because Defendant is organized and existing under the laws of the State of New York and has its principal place of business within this Judicial District located at 15 West 36th Street, New York, New York.

## THE PARTIES

3. Thomson is a corporation organized and existing under the laws of Canada with its principal place of business located within this Judicial District at 3 Times Square, New York, New York.

4. Defendant Realtime Data, LLC, doing business as IXO ("Defendant" or "Realtime"), is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located within this Judicial District at 15 West 36th Street, New York, New York.

## FACTUAL BACKGROUND

5. Thomson is the world's leading source of intelligent information for businesses and professionals. Thomson uses innovative technology to deliver critical information to leading decision makers in the financial, legal, tax, accounting, scientific, healthcare and media markets throughout the United States and the world. Thomson is a public company whose shares trade on, among other exchanges, the New York Stock Exchange.

6. On July 23, 2009, Defendant filed three patent infringement actions in the United States District Court for the Eastern District of Texas, which all allege infringement of the same four patents. The actions are *Realtime Data, LLC D/B/A IXO v. CME Group, Inc., et al.*, No. 6:09-cv-327-LED; *Realtime Data, LLC D/B/A IXO v. Morgan Stanley, et al.*, No. 6:09-cv-326-LED; and *Realtime Data, LLC D/B/A IXO v. Thomson Reuters Corporation, et al.*, No. 6:09-cv-333-LED. Thomson is a defendant in the last referenced action (the "Texas Action").

7. Notwithstanding that eleven out of the eighteen entities that are listed as defendants in the three Texas actions all have their principal places of business located in New York (with two other entities having principal places of business in Massachusetts and Connecticut), and that Realtime has its principal place of business in New York and is organized under New York law, Realtime commenced all three actions in Texas.

8. To date, more than seven weeks after Defendant commenced the Texas Action, Thomson has not been served with a summons or a copy of the complaint. Moreover, even though Defendant alleged in its complaint that Thomson could be served via its registered agent, upon information and belief, Defendant has not made any attempt to serve Thomson with a summons or a copy of the complaint.

9. In the Texas Action, Defendant alleges that Thomson (and the other defendants) has been and is now "directing [sic] infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the" following U.S. Patent Numbers: (i) 6,624,761 (the "761 Patent"); (ii) 7,161,506 (the "506 Patent"); (iii) 7,400,274 (the "274 Patent"); and (iv) 7,417,568 (the "568 Patent") (collectively, the "Patents").

10. Defendant alleges that Thomson infringed the Patents by "making, using, selling, and/or offering for sale one or more data compression products and/or services" covered by at least one claim of the Patents. Other than these vague and conclusory allegations that may potentially describe any one of the hundreds of products and services that Thomson sells, Defendant has not provided any information from which Thomson can discern which of Thomson's data compression products or services allegedly infringe the Patents.

3

11. Thomson, through its counsel, attempted to obtain additional details from Defendant's counsel on August 27, 2009 to understand the basis for Defendant's allegations in the Texas Action. During that conversation, Thomson's counsel inquired about plans for service and requested additional information concerning how Thomson, or which of Thomson's actions or data compression products or services, has allegedly infringed the Patents.

12. Although Defendant's counsel represented that service would be promptly effected, and that Defendant would be willing to provide additional information explaining Defendant's claims upon certain conditions, Defendant's counsel has neither served Thomson nor provided any of this requested information. Thus, it is impossible for Thomson to respond to, or even understand, Defendant's deficient allegations that Thomson's "data compression products and/or services" infringed the Patents.

## COUNT ONE
### Declaration of Invalidity

13. Thomson repeats and re-alleges the allegations set forth in the preceding paragraphs.

14. An actual controversy exists between the parties, as Defendant has asserted the Patents against Thomson in the Texas Action, and Thomson denies that the Patents are valid.

15. Thomson is entitled to a judicial declaration that the Patents are not valid for failing to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 or 112.

## PRAYER FOR RELIEF

WHEREFORE, Thomson prays that the Court:

(A) Declare that all of the asserted claims of the Patents are invalid;

(B) Award Thomson its costs, expenses and disbursements in this action;

(C) Find that this is an exceptional case and award Thomson its reasonable attorneys' fees pursuant to 28 U.S.C § 285; and

(D) Grant Thomson such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Thomson hereby demands a trial by jury for all issues so triable.

Dated: September 11, 2009

Respectfully Submitted,

Constance S. Huttner (chuttner@velaw.com)
Michael S. Davi (mdavi@velaw.com)
Michael V. Rella (mrella@velaw.com)
Vinson & Elkins L.L.P.
666 Fifth Avenue, 26th Floor
New York, New York 10103-0040
Tel: (212) 237-0000
Fax: (212) 237-0100

*Attorneys for Plaintiff*
*Thomson Reuters Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THOMSON REUTERS CORPORATION,                : Case No.:

                                Plaintiff,     : RULE 7.1 DISCLOSURE
                                          : STATEMENT

         --against--

REALTIME DATA, LLC D/B/A IXO,

                              Defendant.
------------------------------------------------------------x

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiff Thomson Reuters Corporation (a private non-governmental party) certifies that the following are corporate parents, affiliates, and/or subsidiaries of said party, which are publicly held:

None.

Dated: September 11, 2009                 Respectfully Submitted,

                                                                 _____
                                                                 Constance S. Huttner (chuttner@velaw.com)
                                                                 Michael S. Davi (mdavi@velaw.com)
                                                                 Michael V. Rella (mrella@velaw.com)
                                                                 Vinson & Elkins L.L.P.
                                                                666 Fifth Avenue, 26th Floor
                                                                 New York, New York 10103-0040
                                                                 Tel: (212) 237-0000
                                                                 Fax: (212) 237-0100

                                                                *Attorneys for Plaintiff*
                                                                *Thomson Reuters Corporation*